UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JACOBSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP-ON TOOLS COMPANY, et al.,<br><br>Defendants. | Case No. 15-cv-02141-JD<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION AND ADMINISTRATIVELY CLOSING CASE**<br><br>Re: Dkt. No. 35 |

After extensive briefing and evidentiary submissions by the parties, the Court recently compelled arbitration of the First through Ninth claims of plaintiff Daniel Jacobson's complaint on an individual basis, but retained and stayed the Tenth claim for representative PAGA civil penalties. Dkt. No. 34. Jacobson has asked for leave to file a motion for reconsideration based on alleged errors in the arbitration order. The request is denied.

Plaintiff's main contention is that Court overlooked the parties' purported intent to strike the whole arbitration clause in the Franchise Agreement if a provision barring "consolidation, joinder, and/or class action" in the arbitration was found to be unenforceable. But the Court did not make that finding. Rather, as plaintiff himself urged in opposition to the motion to compel arbitration, another provision of the parties' agreement indicates that they "'agree[d] to arbitrate only controversies and disputes that are specific to Franchisee … and not issues that effect Snap-on franchisees generally.'" Dkt. No. 20 at 13 (quoting the Franchise Agreement § 25(B)). Since representative PAGA claims cannot be waived but can be arbitrated depending on the parties' intent, plaintiff's own characterization of the agreement is consistent with the holding that the representative claims should not be arbitrated. That is a far cry from striking down a non-severable prohibition on class or consolidated actions.

Significantly, unlike the recent decisions that Jacobson relies on involving arbitration clauses in employment agreements sponsored by Uber Technologies, Inc. and others, the Franchise Agreement does not explicitly purport to waive representative or PAGA claims or expressly provide that a representative or PAGA claim waiver "shall not be severable." *See, e.g., Mohamed v. Uber Technologies, Inc.*, 2015 WL 3749716 at *26 (N.D. Cal. June 9, 2015). Consequently, those cases are not relevant here and are no basis for reconsideration of the Court's order.

Jacobson also suggests that the Court did not take into account defendants' statements that they delivered disclosure documents to him before he signed the Franchise Agreement. This argument is equally ill conceived. As the Court held in ordering arbitration, one reason-- among several reasons -- that plaintiff's meeting of the minds argument failed was that plaintiff himself expressly declared that "no one explained anything about arbitration" to him before he signed. Dkt. No. 34 at 5. After taking that position, Jacobson cannot now change course and claim that he was, in fact, told something misleading about arbitration. Even raising that contention gives the Court pause about the propriety of plaintiff's arguments and whether he and his counsel are acting in full compliance with Rule 11 of the Federal Rules of Civil Procedure.

Jacobson's scattershot reference to three unconscionability issues that he barely touched on in his original briefs does not warrant reconsideration, either. For the most part, Jacobson simply insists that his prior points were right, a position that the Court has already declined to embrace. And he has not tendered anything new or different that qualifies as a basis for reconsideration. For example, his return to the purported issue of a shortened limitation period merely expands on the bare string cites provided in his original papers. Dkt. No. 35 at 5-7. That does not meet the standards for reconsideration, and his other unconscionability points fail for the same reason.

Consequently, leave for reconsideration is denied. In light of the disposition of this motion and the time that will likely be necessary for completion of the arbitration proceedings, the Court directs the Clerk to close this case for administrative purposes. The Court makes clear that the closing is administrative only; nothing in this order will be considered a dismissal or disposition of the action or any issue in it. The parties should continue to provide status updates to the Court

about the progress of the arbitration every three months, as previously ordered.

**IT IS SO ORDERED.**

Dated: January 5, 2016

_____
JAMES DONATO
United States District Judge